**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Anthony Beasley, Individually and on behalf of the minor child, LB born 2014, Appellant,

v.

South Carolina Department of Social Services, South Carolina Department of Children's Advocacy, Children's Advocacy Center of Spartanburg, Cherokee and Union Counties, Inc., Defendants,

Of which South Carolina Department of Social Services and South Carolina Department of Children's Advocacy are the Respondents.

Appellate Case No. 2024-000200

———————

Appeal From Greenville County
G. D. Morgan, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-118
Submitted March 1, 2025 – Filed April 2, 2025

———————

**AFFIRMED**

———————

Melinda Inman Butler, of The Butler Law Firm, of Union, for Appellant.

Stephanie Holmes Burton, of Gibbes Burton, LLC, of Spartanburg, for Respondents.

---

**PER CURIAM:** Anthony Beasley, individually and on behalf of his minor child, LB, appeals the circuit court's order granting in part and denying in part separate motions to dismiss filed by the South Carolina Department of Social Services and South Carolina Department of Children's Advocacy (collectively, Respondents). On appeal, Beasley argues the circuit court erred in finding the South Carolina Tort Claims Act (SCTCA) barred both his cause of action for outrage and his claim for punitive damages. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not err in granting Respondents' motions to dismiss Beasley's outrage claim because his claim was barred under the SCTCA. *See Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court."); *id.* ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint."); *id.* ("If the facts alleged and inferences reasonably deducible therefrom, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then dismissal under Rule 12(b)(6) is improper."); *Madison v. Am. Home Prods. Corp.*, 358 S.C. 449, 451, 595 S.E.2d 493, 494 (2004) ("As a general rule, important questions of novel impression should not be decided on a motion to dismiss."); *id.* ("Where . . . the dispute is not as to the underlying facts but as to the interpretation of the law, and development of the record will not aid in the resolution of the issues, it is proper to decide even novel issues on a motion to dismiss."); S.C. Code Ann. § 15-78-40 (2005) ("The State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages, contained herein."); S.C. Code Ann. § 15-78-50(a) (2005) ("Any person who may suffer a loss proximately caused by a tort of the State, an agency, a political subdivision, or a governmental entity, and its employee acting within the scope of his official duty may file a claim . . . ."); S.C. Code Ann. § 15-78-30(f) (2005) ("'Loss' . . . does not include the intentional infliction of emotional harm."); *Gore v. Dorchester Cnty. Sheriff's Off.*, 442 S.C. 438, 443, 900 S.E.2d 423, 426 (2024) ("The bar to recovery for the intentional infliction of emotional distress in section 15-78-30(f) applies to the subset of claims for the reckless infliction of emotional distress."); *id.* at 439-40, 900 S.E.2d

at 424 (indicating intentional infliction of emotional distress is "also known as outrage," and "[r]eckless infliction of emotional distress is merely a subset of intentional infliction of emotional distress").

2.  We hold the circuit court did not err in granting Respondents' motions to dismiss Beasley's claim for punitive damages because the SCTCA explicitly states that punitive damages are not available under the Act.  *See Doe*, 373 S.C. at 395, 645 S.E.2d at 247 ("In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court."); *id.* ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint."); *id.* ("If the facts alleged and inferences reasonably deducible therefrom, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then dismissal under Rule 12(b)(6) is improper."); S.C. Code Ann. § 15-78-120(b) (2005) ("No award for damages under this chapter shall include punitive or exemplary damages or interest prior to judgment.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.